U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **LORENZO CORNELIUS** | **CIVIL ACTION NO. 04-2154-P** |
| **VERSUS** | **JUDGE STAGG** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Lorenzo Cornelius ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on October 18, 2004. Plaintiff is currently incarcerated at the Madison Correctional Center in Tallulah, Louisiana. He names the Louisiana Department of Public Safety and Corrections and the Webster Parish Clerk of Court as defendants.

Plaintiff has filed a vague statement of claim which states in its entirety:

(1) claim past due time Jan 31,1998 til July 13 2001 (2) claim constitutional right's of 1974 (3) sentence information (4) claim civil rights (5) claim insufficient evidence (6) claim sentence and punishment (7) claim criminal law (8) claim ineffective assistance of counsel (9) claim prior credit Art 880 custody (10) claim precutionis (11) claim extent of punishment Clerk of Court's Webster Parish La. Dept of Public Safety et al January 20, 1998 too October 13 2001.

As to his request for relief, Plaintiff states "St. John 8:32 And Ye shall know the truth, and the truth shall make you free. St. Mathew 7:42 Give to him that ask thee, and from him that would borrow of thee take not thou away."

On March 7, 2005, Plaintiff filed an amended complaint. [Doc. 9]. In said complaint, Plaintiff quotes the "Oath of the Thirtieth Degree." He also refers to, among other things, the Bible, the United States Constitution, the Declaration of Independence, church teachings, his missionary transfers, moral virtues, his family history and case citations and law. He also claims that from 1992 until 2002, he was charged with misdemeanors by the Minden Police Department.

On March 17, 2005, this Court ordered Plaintiff to allege facts sufficient to establish that state actors were deliberately indifferent to his constitutional rights. [Doc. 11].

On April 5, 2005, Plaintiff filed an amended complaint in response to the Court's memorandum order. [Doc. 12]. In response to who violated his civil rights, Plaintiff names, among others, the Louisiana Department of Public Safety and Corrections, the Minden Police Department, the Webster Parish Sheriff Department, the Parish of Winnsboro, the West Carroll Detention Center, the Madison Parish Detention Center, Detective Dan Weaver, Detective Scott Tucker, Officer Keith Banner, Dispatch Officer, Officer Chuck Clark, Officer Payne, Sheriff Ted Riser, Chief Gary Sexton, Chief Gary Goumu, Security Chief Eddie Bougas, District Attorney Jimmy Bulers, Jason Brown, Serb Sentell, III., Judge Harmon Drew, Jr., Eric Johnson, Charles Smith, Charles Minfield, Rick Ware, Jack Slack, Robert

White, Subblett Frazer, Clerk of Court, Andrew Jacob, Bust Walker, Billy Joe Hawkins, Jake Hawkins, Leonard Ross, Dywane Rice, Ken Shelton, Nancy Holmes, Donald Clayton, Charles Humprey, Willie Evans, Shawn Baker, Detective Salvando, Detective Troy, Bobby Igo, Detective Box, Paul Smith, Betty Skipp, Ms. Gary, Ms. Kato, Rebel Hester Axis, Theaser Rogers, Emmit Clark, Sam Melton, Sheilea Walker, Keke Baker, Sgt. Martin, Carolyn Morgan, Bobby Morgan, Larry Haley, Sgt. Clark, Sgt. Webb, Sgt. Nobb, Ms. Duck, Jim McDaniel, Brelita Cummings, Angie, Sherri Rice, Chyerl, Jackie Holmon, Ms. Rogers, Ron Coleman, Officer Parker, Slimm Gittenor, Sheriff Griffen, Toni Gurreles, Ms. Sherri, Ms. Amtumu, Jack Starvestey, Franklin Mitchell, Linda Rice, Teri Skies, Willie Hames Harris, Willie Harvey, Lorenzo Cornelius, Jason, Ronald Blake and Barber Mudd as defendants. He also refers to, among other things, maple syrup and United States Interstate 25.

In response to when his civil rights were violated, Plaintiff names world leaders during Stalin's time and lists a number of dates between the years 1992 and 2003.

In response to how his civil rights were violated, Plaintiff apparently copies the outline of an unknown book regarding the state constitutions verses the United States Constitution. He also refers to spider bites, Thomas Jefferson and the Declaration of Independence, being fingerprinted, the Nineteenth Amendment, good time, an arrest warrant, his address, his parole officer, the law library, meterusexual people, child support and parole filing fees. Plaintiff claims he was anointed to be king for the inspector general.

In response to the specific damages he suffered, Plaintiff refers to information

regarding the establishment of the board of health. He also refers to, among other things, painting, cars, gas bombs, welding, cutting grass, black eyes, police brutality, vitamins, filthy restrooms, lack of recreation and his employment history.

In response to the specific relief requested, Plaintiff refers to, among other things, a state tree, a pyramid, the order of the quest, immediate release, immortality, the Church of Christ, pastors, churches, family, friends, filing fees and the covenant of the rainbow.

Plaintiff signs his name as Kalif Alee throughout the amended complaint. He then quotes language from the 1946, 1966 and 1968 amendments to Rule 41 of the Federal Rules of Civil Procedure. He also quotes sections of the index to Civil Procedure and Rules and Revised Title 15 of the Rules of Criminal Procedure. He also refers to warrants and licenses. Plaintiff makes notations regarding his school records, including school mascots, colors, classes and grade point average. He also refers to, among other things, his marital history, Bible verses, Rule 41(b) and case citations. He lists a number of witnesses which include Christ, the apostles, Hawaii Five O and his forefathers.

On April 19, 2005, Plaintiff filed a letter in which he quotes the Oath of the Thirtieth Degree. [Doc. 13]. He also refers to, among other things, his address, bond, convictions and sentences, political party and voting history and Terri Schiavo.

On May 2, 2005, Plaintiff filed a supplement to his complaint and amended complaints. [Doc. 14]. In response to who violated his civil rights, he claims polytheism. In response to when his civil rights were violated, he claims politics. In response to how his civil rights were

violated, he claims psychology. In response to the specific damage or harm suffered, he claims philosophy. In response to the specific relief requested, he claims penal. Plaintiff then refers to, among other things, the World Book, his state court docket number, the Department of State, case citations, regulating commerce, a masonic lodge and the Boston Tea Party.

On July 21, 2005, Plaintiff filed a letter which does not appear to be in response to the Court's memorandum order. In said letter, Plaintiff refers to the masons. [Doc. 15].

On August 23, 2005, Plaintiff filed a response in support of his complaint and amended complaints. Plaintiff claims he was charged with three counts of drug crimes. He claims that in 1986, he was pulled over in a traffic stop by Sheriff Ted Riser. He claims that in 1992, he was charged with possession of a Schedule I, battery of an officer and resisting arrest. He claims the possession charge was dismissed. He claims five Minden Police Department officers choked him and slammed him to the ground. He also claims Officer Keith Banner twisted his ankle. He claims that in 1996, he was charged with two counts of possession of a Schedule I and one count of failure to pay child support. He claims he was charged with his first felony offense in 1998. He claims he was released on bond but failed to appear for his sentencing. He claims a bench warrant was issued and he was later arrested. He claims that on May 18, 1998, he was sentenced for simple possession of cocaine. He also claims he was charged with attempted distribution of cocaine. He claims he was convicted and sentenced to one year imprisonment. He claims the trial court ordered all of his sentences to run concurrently. He claims he was paroled to a treatment program. He complains that he did not

receive a certificate and had to purchase his own bus ticket. He claims that on October 11, 2002, he was sentenced to two sentences of 20 years at hard labor. He claims he escaped from the Union Parish Detention Center but was not charged. He claims he escaped a second time and was sentenced pursuant to Act 138. He complains that the Webster Parish Clerk of Court and District Attorney did not provide the sentencing judge with this information. He claims he was charged with possession of a Schedule II, controlled dangerous substance. He complains there was not an inmate welfare fund at Bayou Dorcheat Correctional Center. He also refers to, among other things, Bible verses, the United States Constitution, common law, his employment history, political party affiliation and baptism dates.

On November 15, 2005, Plaintiff filed exhibits which include his Louisiana State Parole Board rehearing application for parole, employment agreement and residence agreement. [Doc. 17].

On March 9, 2006, Plaintiff filed exhibits which include an ARP response and his master prison record.

For the following reasons, it is recommended that Plaintiff's civil rights action be dismissed for failure to state a claim upon which relief may be granted.

## LAW AND ANALYSIS

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this

heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so. Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

Furthermore, a complaint may be dismissed as factually frivolous "if the facts are 'clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.'" Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995), citing Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). A complaint may be dismissed as legally frivolous if the legal basis of the complaint is "indisputedly meritless." Neitzke, 109 S.Ct. At 1333.

Under either a factual or legal analysis, it is quite clear that Plaintiff's allegations are frivolous. His complaint is fanciful, fantastic and delusional, and therefore factually and legally frivolous. Accordingly, Plaintiff's complaint should be dismissed because it lacks an arguable basis in fact and law.

## CONCLUSION

Because plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before

or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon violations of Plaintiff's civil rights lacks an arguable basis in law and in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 12th day of September 2006.

_____
**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**